In the Matter of the Estate of Hattie Taylor, Deceased. ELSIE G. TAYLOR, as Administratrix of the Estate of HATTIE TAYLOR, Deceased, Appellant; AGNES TAYLOR, Respondent.— Appeal by Elsie G. Taylor, petitioner in a discovery proceeding, upon the law and the facts, from a decree of the Surrogate's Court of St. Lawrence County, which adjudged the respondent, Agnes Taylor, is the owner of the property mentioned in the petition. In 1935, the Metropolitan Life Insurance Company issued to Ralph Taylor a life insurance policy for $2,000. At that time he was unmarried. His mother, Hattie Taylor, now deceased, was named as beneficiary in the policy. On July 1, 1939, Ralph Taylor was married to the respondent, Agnes Taylor. On February 10, 1944, Ralph Taylor died at a hospital in Potsdam, New York, shortly after he had given some blood as a blood donor. On March 31, 1944, the mother assigned her interest in the insurance policy to Agnes Taylor. The insurance policy was found in the safety deposit box of Ralph Taylor after his death. It is claimed by the appellant that, at the time Hattie Taylor executed the assignment and prior thereto, she was incompetent and that the assignment of her interest in the policy was procured by fraud and false representations. Upon these issues several hearings were held. The Surrogate wrote an opinion in which he decided there was no evidence of fraud or duress or undue influence practiced upon Hattie Taylor to obtain

her execution of the assignment of the proceeds of the insurance policy or her endorsement of the check representing such proceeds. Witnesses and experts differed in their conclusions regarding the mental capacity of Hattie Taylor at different times to which their testimony related. The Surrogate found that, at the time of executing the assignment of the proceeds of the insurance policy and at the time of endorsing and delivering the check representing such proceeds, Hattie Taylor had sufficient mental capacity to understand the nature and consequence of her acts and did understand them. The Surrogate dismissed the petition. The record justifies the determination of the Surrogate. Order and decree appealed from affirmed, with costs against the petitioner. All concur. [See 271 App. Div. 757.]